GEORGE W. ROSS *vs.* JAMES B. LIBBY, and another.

Washington. Opinion August 10, 1898.

*Attachment. Officer. Receiptor. Damages. Non-Resident Defendant.*

Receiptors to an officer for personal property attached by him and intrusted to them upon their engagement to safely keep the property and return it to him on demand cannot avoid liability by showing that what purports to be a judgment in favor of the creditor is void.

Such receiptors can avoid liability only by showing that the officer is free from all liability to the debtor or owner of the property as well as to the attaching creditor.

At least, in the absence of other evidence, the sum stated in the receipt as the value of the property is the measure of damages in an action upon the receipt.

AGREED STATEMENT.

This was an action of assumpsit upon an accountable receipt given by the defendant Libby and A. K. P. Dakin to the plaintiff, a deputy of the sheriff of Washington County, and of the following tenor:—

"Washington, ss. Vanceboro, June 20, A. D. 1896.

Received of George W. Ross, Deputy Sheriff of the County of Washington, for safe keeping, the goods and chattels following, viz:

All the stock' in stores at Brookton and Forest City, Maine, lately in the possession of Charles W. Clement, Trustee, (the company stores so called) of the value of one thousand dollars, which property the said officer has taken by virtue of a writ against Charles W. Clement, Trustee, of Boston, Mass., in the county of Washington, in favor of The Haynes & Chalmers Company (incorporated) of Bangor, Maine, bearing date, the 18th day of June, A. D. 1896, returnable before the Justices of the Supreme Judicial Court next to be holden at Bangor, within and for the County of Penobscot, on the first Tuesday of October, A. D. 1896; and in consideration of one dollar paid us by the above named officer, the receipt whereof is hereby acknowledged, we promise and agree safely to keep and re-deliver all the above named property to said officer, or his order on demand, to be delivered at Vanceboro, Maine, in like good order and condition as the same is now in, free from all charges and expenses to said officer, or the creditor in the action aforesaid. And we further agree, that a demand on one of us shall be binding on all. And we further agree, if no demand be made, we will within thirty days from the rendition of judgment, in the action aforesaid, re-deliver all the above property, so that the same may be taken in execution. And we further agree, to save harmless said officer from all costs, and indemnify him for any damage or loss he may sustain in consequence of said property not being delivered him as aforesaid, at any time he may request us so to do, or in consequence of its not being delivered within thirty days aforesaid. And we further agree that this receipt shall be conclusive evidence against us as to our receipt of said property, its value before mentioned, and our liability under all circumstances to said officer for the full sum above mentioned.

J. B. LIBBY,

A. K. P. DAKIN."

Plea, general issue and brief statement alleging that said attachment was illegal and void because the goods of the trust estate of which said Clement is alleged to be trustee in the writ upon which the same were attached, cannot be taken in the proceedings at law

against the trustee but can only be reached by chancery proceedings.

Defendants further claim that there was no legal service of the said writ of The Haynes and Chalmers Company upon said Clement and no valid judgment was or could be rendered in that action, because it appears by plaintiff's return that service was made upon an agent by virtue of a statute which is unconstitutional and void.

The parties submitted the case to the decision of the law court upon an agreed statement as follows :

"Action upon an accountable receipt. The plaintiff in this action, as a deputy sheriff, attached the goods for which the defendants gave him the receipt declared on, by virtue of a writ, in favor of The Haynes and Chalmers Company *versus* Charles W. Clement, Trustee, service thereof having been made by leaving a summons with I. E. Seavey, who is admitted to have been, at the time of said service, an agent, within the meaning of section 21, of chapter 81, of the Revised Statutes, of said defendant, a non-resident, but who had no instructions from said defendant to accept or receive service of process.

"A copy of which said writ together with the officer's return thereon, and a copy of the judgment rendered in that action, all duly certified, also a copy of the writ and pleadings in the present action, are to be annexed hereto as a part of this agreement.

"Demand was legally made upon the defendants for the goods receipted for.

"The defendants claim that the attachment was illegal and void, and that they are not liable on their said receipt; a copy of which is hereunto annexed, as a part of this agreement. ·

"Either party may argue orally, or in writing, at his option.

"The court to render such judgment as the law and facts require."

*Peregrine White and John F. Lynch,* for plaintiff.

Service sufficient: *Blaisdell* v. *Pray,* 68 Maine, p. 273, citing Freem. Judgt. § 130; *P. R. R. Co.* v. *Weeks,* 52 Maine, 456. Service on agent valid: The validity of this contention is recog-

nized and sustained by the following cases: *Eastman* v. *Wadleigh*, 65 Maine, 251; *Marco* v. *Low*, 55 Maine, 549; a case where service was made upon an attorney in a cross action, and the court held the service good; *Cassity* v. *Cota*, 54 Maine, 380; PETERS, C. J., in *Parker* v. *Prescott*, 86 Maine, 243; *McVicker* v. *Beedy*, 31 Maine, 314; *Cousens* v. *Lovejoy*, 81 Maine, 467; *Eastman* v. *Dearborn*, 63 N. H. 364. Reno on Non-Residents, §§ 46, 214, 215. Counsel also cited: *Liblong* v. *Kansas Fire Ins. Co.*, 82 Pa. St. 413; *Hagerman* v. *Empire Slate Co.*, 97 Pa. St. 534.

Statute constitutional: Reno on Non-Residents, § 153.

*Geo. A. Curran and Geo. R. Gardner,* for defendants.

The defendant in original suit had no attachable interest in the property and the receipt in suit is void. The only way to reach the property attached was by chancery proceedings. *Stanley* v. *Drinkwater*, 43 Maine, 468. *Daniel G. Lane*, et al., v. *Charles W. Clement*, Trustee, —— decided on rescript August 24, 1897; *Sawyer* v. *Mason*, 19 Maine, 49; *Continental Mills* v. *Dow*, 59 Maine, 428.

Receiptors are not holden when liability of officer is discharged. In this case the attachment was illegal and no liability attached to the officer. *Moulton* v. *Chapin*, 28 Maine, 505; *Plaisted* v. *Hoar*, 45 Maine, 380; *Mitchell* v *Gooch*, 60 Maine, 110.

There was no legal service of the original suit against Clement, Trustee; service was on an agent. The statute authorizing service on an agent in this case is contrary to the Constitution U. S., Article 4, Sec. 2, par. 1. " Citizens of each state shall be entitled to all the privileges and immunities of citizens in the several states."

Constitution U. S., 14th Amendment, § 1. "No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty or property without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

See cases cited page 25 R. S., Maine, (Ed. 1883,) under "C" bottom of page.

SITTING: PETERS, C. J., EMERY, HASKELL, WISWELL, SAVAGE, FOGLER, JJ.

EMERY, J. The plaintiff, a deputy sheriff, armed with a writ against one Clement (described as trustee) and for the purpose of attachment thereon took into his possession certain goods as the property of Clement. If the attachment was valid and was followed by a valid judgment against Clement, the plaintiff, the attaching officer, became responsible for the goods to the judgment creditor in that suit to the amount of his judgment. If the attachment was invalid in its inception, or was not followed by a valid judgment against Clement, the plaintiff became responsible for the goods to their legal owner or custodian. Instead of keeping the goods in his own possession to meet whichever responsibility should be finally cast upon him, he intrusted them to these defendants taking their receipt, a written obligation to safely keep them and re-deliver them to him on demand, and containing a stipulation that the receipt should be conclusive of their liability under all circumstances to the officer for the stated value of the goods. He afterward demanded such re-delivery but the defendants have refused to re-deliver the goods, and this suit is upon the receipt.

The defendants now contend that the goods belonged, not to Clement personally, but to a trust estate of which Clement was trustee, and hence were not attachable on the writ against Clement personally, though described as trustee. They also contend that no valid judgment was obtained against Clement for want of proper service of the writ upon him, he not having appeared.

As against the terms of their receipt both of these contentions are unavailing, even if well founded in fact. In either case, the officer would be responsible to some one for the goods, to the lawful owner or custodian. He was entitled to have the goods back from his receiptor to enable him to respond to any valid claim. The defendants, the receiptors, can avoid their obligation to the officer only by showing that the officer is free from liability to any person on account of his attachment. This they have not done. *Brown* v. *Atwell*, 31 Maine, 351 ; *Harris* v. *Morse*, 49 Maine, 432 ;

*Torrey* v. *Otis*, 67 Maine, 573; *Bangs* v. *Beacham*, 68 Maine, 425.

The only evidence in the case as to the value of the goods received by the defendants is their statement in the receipt that they are of the value of one thousand dollars. The judgment must therefore be for that sum.

> *Judgment for the plaintiff for $1000, with interest from date of writ.*